IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-41273
_____

DARON FONTENOT,

                                        Movant-Appellant,

versus

GARY L. JOHNSON, DIRECTOR, TEXAS DEPARTMENT OF
CRIMINAL JUSTICE, INSTITUTIONAL DIVISION,

                                        Respondent-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:97-CV-302
- - - - - - - - - -
December 11, 1998

Before DAVIS, DUHE', and PARKER, Circuit Judges.

PER CURIAM:*

    Daron Fontenot, Texas prisoner # 589653, seeks a certificate
of appealability ("COA") in order to appeal the district court's
dismissal of his 28 U.S.C. § 2254 petition as barred by
limitations.

    A COA may be issued only if the prisoner has made a
"substantial showing of the denial of a constitutional right."
28 U.S.C. § 2253(c)(2).  In cases in which the underlying
constitutional issues were never reached, the movant must make a

_____

    * Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

credible showing of error by the district court in its dismissal.
See Murphy v. Johnson, 110 F.3d 10, 11 (5th Cir. 1997).

The Antiterrorism and Effective Death Penalty Act ("AEDPA"),
Pub. L. 104-132, 110 Stat. 1217 (1996), created the one-year
limitations period contained in 28 U.S.C. § 2244(d)(1). The
district court's conclusion that Fontenot's § 2254 petition,
filed on May 5, 1997, was untimely was based on the assumptions
that the one-year limitations period began to run when Fontenot's
conviction and sentence became final and that the tolling of the
limitations period during the pendency of Fontenot's state habeas
corpus application was therefore inconsequential. The district
court erred in dismissing the instant petition. See Fields v.
Johnson, __ F.3d __ (5th Cir. Oct. 28, 1998, No. 98-10012), 1998
WL 754901 at *3 (§ 2244(d)(2) tolling provision applies to the
one-year limitations period commencing on AEDPA's effective
date). We lack jurisdiction to consider the merits of the
unaddressed underlying habeas corpus claims because the district
court did not consider whether a COA should be granted on those
issues. Whitehead v. Johnson, 157 F.3d 384, 387-88 (5th Cir.
1998).

COA is GRANTED, the district court's judgment is VACATED,
and the case is REMANDED for further proceedings.